UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ZOLTAN KOZIC, | ) | Case No. 4:17CV322 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE SARA LIOI |
| v. | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) | |
| BRIGHAM SLOAN, | ) | |
| | ) | |
| Warden, Respondent. | ) | REPORT AND RECOMMENDATION |
| | ) | |

Before the court is the petition of Zoltan Kozic for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). The petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to the journal entry of sentence in the case of *State of Ohio v. Kozic*, Case No. 2010-CR-506 (Mahoning County Sept. 1, 2011). (R. 1, PageID #: 1.)

The petition stems from petitioner's 2011 conviction for burglary, trafficking in drugs, and engaging in a pattern of corrupt activity, in the Mahoning County (Ohio) Court of Common Pleas. In his petition, Kozic raises nine grounds for relief:

> 1. The petitioner was deprived of his right to the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments, United States Constitution.
>
> 2. The trial court erred and violated his rights to due process and a fair trial when, in the absence of sufficient evidence by convicting him

of trafficking in drugs under [Ohio] R.C. 2925.03(A)(1) and (C)(1)(c), violating his [rights under the] Fifth and Fourteenth Amendments, United States Constitution.

3. The trial court erred and violated his rights to due process and a fair trial when, in the absence of sufficient evidence by convicting him of engaging in a pattern of corrupt activity under [Ohio] R.C. 2923.32. This violated the Fifth and Fourteenth Amendments, United States Constitution.

4. The trial court violated his due process right when it failed to severe his trial from that of his co-defendant. This violated the Fifth and Fourteenth Amendments, United States Constitution.

5. The trial court violated his right to a speedy trial when it failed to grant his motion to dismiss in violation of the Sixth Amendment to the United States Constitution.

6. The petitioner was denied due process and a right to a fair trial, when he was tried before an impartial tribunal as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution.

7. The petitioner's conviction was procured in violation of his Fourth Amendment [rights], when the State attached a GPS tracking device to his vehicle without a Court ordered search warrant.

8. The trial court lacked subject matter jurisdiction to hear the petitioner's case, in violation of the due process under the Fourteenth Amendment to the United States Constitution.

9. The conviction in my case violates due process and the right to a fair trial, under the Sixth and Fourteenth Amendments to the United States Constitution, because of the unconstitutional procedure used at trial in my case.

(R. 1, PageID #: 1, 5-10, 12-14.)[1]

---

[1] Although Respondent has not filed the underlying record due to the procedural posture of this action, the court notes that petitioner's claims 1-5 were the only claims he filed before the state appellate court on direct review. *State v. Kozic*, No. 11MA160, 2014 WL 4291627 (Ohio Ct. App. Aug. 27, 2014). A further review of the Ohio Supreme Court docket indicates that Kozic filed his first Notice

This, however, is not Kozic's first federal habeas corpus petition challenging his state court conviction and sentence. On February 2, 2016, petitioner filed his first petition. *Kozic v. Sloan*, No. 4:16CV245 (N.D. Ohio Feb. 2, 2016) (petition). The court dismissed that petition, without prejudice, because Kozic, despite amending the petition, failed to identify any grounds for relief. *Kozic v. Sloan*, No. 4:16CV245 (N.D. Ohio May 4, 2016) (slip op).[2]

The respondent has filed a motion to dismiss or stay this action (R. 9), and Kozic has filed an opposition (R. 10). The respondent's motion to dismiss or stay argues that Kozic's sentence and judgment have not become final, because he has appellate proceedings pending in state court. (R. 9.) For the following reasons, the magistrate judge recommends that the motion to dismiss be granted.

I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals provided the following background:

Kozic's conviction stems from a rash of burglaries occurring in five counties starting in late 2009 through early 2010. Following the burglaries, law enforcement conducted numerous controlled buys of oxycodone from Kozic and another co-defendant. A Mahoning County grand jury indicted Kozic on nine counts: six second degree felony counts of burglary, R.C. 2911.12(A)(2)(C); two third degree felony counts of drug trafficking, R.C. 2925.03(A)(1)(C)(1)(c); and one first

---

of Appeal to the Ohio Supreme, and a Memorandum in Support of Jurisdiction on September 26, 2014. *See* www.supremecourt.ohio.gov, docket of *State v. Kozic*, No. 14-1661.

[2] Petitioner's present petition is not considered a second and successive petition because the first petition was dismissed on grounds other than on the merits. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Coleman v. Ives*, 841 F. Supp. 2d 333, 335 (D.D.C. 2012).

3

> degree felony count of engaging in a pattern of corrupt activity, R.C. 2923.32(A)(1)(B).
>
> After the trial court dismissed one burglary count the jury found Kozic guilty of all of the remaining counts of the indictment. The trial court sentenced him to an aggregate term of imprisonment of eighteen years. Kozic appealed his conviction and sentence. This Court affirmed in part and reversed in part. [*Kozic*, 2014 WL 4291627.] His convictions on two third degree felonies for drug trafficking, counts 14 and 15, were reversed and a limited remand ordered for the trial court to enter convictions on the lesser included offense of fourth degree felony drug trafficking and to resentence accordingly. The remainder of Kozic's convictions and sentences were affirmed.
>
> Pursuant to this Court's limited remand, a resentencing hearing was held. The trial court entered convictions on the lesser included offenses of fourth degree felony drug trafficking on counts 14 and 15.

(R. 9, RX 2; *State v. Kozic*, No. 15MA0215, 2016 WL 7493601, at *1 (Ohio Ct. App. Dec. 29, 2016).) Kozic then appealed the trial court's resentencing judgment, raising two assignments of error:

> [1.] The appellant's sentence is contrary to law, in violation of [Ohio] R.C. 2953.08(4), Due Process under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution.
>
> [2.] When the trial court failed to make findings in connection with imposing a consecutive sentence pursuant to Under [*sic*] [Ohio] R.C. 2929.14(C)(4), it was contrary to law, thereby violating procedural due process as guaranteed under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

(R. 9, RX 2; *Kozic*, 2016 WL 7493601, at *1.)

> The court of appeals found merit in his first assignment of error, ruling:
>
> The trial court erred by failing to advise Kozic at his resentencing hearing that the parole board can impose a prison term of up to one half of his original sentence for violating post-release control. Accordingly, Kozic's sentence is reversed in part, and the matter

4

> remanded to the trial court for a limited resentencing hearing for the
> proper advisement and imposition of post-release control.

(R. 9, RX 2; *Kozic*, 2016 WL 7493601, at *5.) According to respondent, while Kozic was awaiting resentencing following the state court of appeals' second remand, Kozic appealed the appellate court's second remand decision to the state high court. (R. 9, PageID #: 83, citing PX 3, PageID #: 106.) On June 21, 2017, the Supreme Court of Ohio declined to accept jurisdiction of his appeal. *State v. Kozic*, 149 Ohio St.3d 1433, 76 N.E.3d 1209 (2017).

Meanwhile, after the respondent filed the motion to dismiss in this habeas action on May 2, 2017, the state trial court held a second resentencing hearing[3] on May 8, 2017, and resentenced Kozic, as directed by the remand, to clarify the post-release control sentence. *State v. Kozic*, No. 2010CR506 (Ohio Ct. Comm.Pl. May 8, 2017) (slip op.) (judgment entry of re-sentencing). On June 7, 2017, Kozic filed a notice of appeal, appealing the trial court's May 8 judgment of resentencing. *State v. Kozic*, No. 17MA100 (Ohio Ct. App. June 7, 2017) (notice of appeal). That appeal remains pending.

In addition, Kozic has filed a separate appeal challenging the state trial court's decision denying a delayed motion for new trial. That appeal, Kozic has asserted, is based upon an alleged constitutional due process violations. That appeal was pending at the time that respondent filed the motion to dismiss. (R. 9, PageID

---

[3] The text of the judgment entry reads "this 9th day of March, 2017," yet the file stamp reads May 8, as does the court's docket entry, and the judge's signature on the entry itself.

5

#: 83, citing PX 4, PageID #: 107.) The state court of appeals has since decided the matter, by affirming the trial court's denial of Kozic's motion for new trial. *State v. Kozic*, No. 16MA0158, 2017 WL 2628944 (Ohio Ct. App. June 12, 2017). Kozic had forty-five days from the date of the June 12 appellate decision to seek review by the Ohio Supreme Court, pursuant to Ohio Supreme Court Rule of Practice 7.01(A)(1)(a)(i).

The respondent, consequently, has moved this court to dismiss Kozic's petition for a writ of habeas corpus because Kozic has not exhausted his state court appeal rights, or in the alternative, to stay the case. (R. 9, PageID #: 85.)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1). Further, under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim that was adjudicated on the merits by a state court. The Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-413 (2002). *See also Lorraine v. Coyle*, 291 F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. *See also Price v. Vincent*, 538 U.S. 634, 640 (2003). A state court decision, however, is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. *Williams*, 529 U.S. at 410-12; *Lorraine*, 291 F.3d at 422.

Kozic has filed his petition *pro se*. The pleadings of a petition drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519

7

(1972) (per curiam)). No other special treatment is afforded litigants who decide to proceed *pro se*. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

III. MOTION TO DISMISS

The respondent's motion to dismiss argues that Kozic's sentence and judgment have not yet become final, because he has appellate proceedings pending in state court, thus his habeas petition should be dismissed. (R. 9.)

Under the AEDPA, a habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (citing *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir.), *cert. denied*, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990)).

Kozic's appeal of his resentencing is still proceeding in the state courts. Petitioner, however, filed his second petition for a writ of habeas corpus purporting

8

to set forth allegedly exhausted claims stemming from his state court convictions,[4] while his underlying resentencing judgment is not yet final and the content of the appeals currently pending in state court is not part of the record at this point. As such, petitioner has filed a "mixed" petition which contains both unexhausted and exhausted claims. *Pliler v. Ford*, 542 U.S. 225, 227 (2004).[5] Where a district court is confronted with a premature petition in which the underlying conviction is final and certain claims were presented to the state's highest court, but the judgment remains subject to direct appellate review, dismissal is appropriate. *Burton v. Stewart*, 549 U.S. 147, 153-154 (2007); *Rose v. Lundy*, 455 U.S. 509, 520-522 (1982). Further, when considering a mixed petition containing unexhausted claims, the Sixth Circuit has presented a choice of four options:

> (1) dismiss the mixed petition in its entirety, [*Rhines v. Weber*, 544 U.S. 269, 274 (2005)], 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2). *See Rockwell v. Yukins,* 217 F.3d 421, 425 (6th Cir. 2000).

*Harris v. Lafler*, 553 F.3d 1028, 1031-1032 (6th Cir. 2009); *see also Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009).

---

[4] For example, Kozic raised claims of ineffective assistance of counsel, speedy trial, and severance of codefendants, in his direct appeal of his conviction. *See generally Kozic*, 2014 WL 4291627.

[5] As indicated in footnote 1, the petition presents five claims raised on direct appeal, and arguably exhausted, along with unexhausted claims.

District courts ordinarily dismiss a mixed petition, unless the expiration of the statute of limitations would bar the claims upon the petitioner's return to federal court. *Burton*, 549 U.S. at 153-154; *Rose,* 455 U.S. at 520-522; *Bowling v. Haeberline*, No. 03-5681, 2007 WL 2321302, at *2 (6th Cir. Aug. 14, 2007); *Ramallo v. Miller*, No. 3:15CV2084, 2016 WL 8609958, at *10 (N.D. Ohio Sept. 26, 2016), *adopted by* 2017 WL 1155522 (N.D. Ohio Mar. 28, 2017); *Wesson v. Jenkins*, No. 5:14 CV 2688, 2015 WL 7313872, at *1 (N.D. Ohio Nov. 20, 2015). The respondent has moved this court, in the alternative, to consider issuing a stay if the court does not dismiss the petition. (R. 9, PageID #: 85.) The Supreme Court, however, has cautioned that "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Staying a federal habeas petition does not encourage finality and "undermines the AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id*. The "stay-and-abeyance" procedure is used in circumstances where:

> . . . a petitioner comes to federal court with a mixed petition toward the end of the limitations period, [and] a dismissal of his mixed petition could result in the loss of all of his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims.

*Pliler*, 542 U.S. at 230. Here, as explained below, the statute of limitations period would not expire while Kozic pursues his remedies in state court.

10

The AEDPA requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state court judgment has become final. *Carey v. Saffold*, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). The judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system have concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari. *Clay v. United States*, 537 U.S. 522, 528 n.3 (2003); *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002); *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001), *cert. denied*, 534 U.S. 924 (2001) (citing cases).

The one-year limitations period for a claim that challenges a resentencing judgment begins on the date that the resentencing judgment becomes final, rather than the date that the original conviction became final. *Rashad v. Lafler*, 675 F.3d 564, 568-569 (6th Cir. 2012). Kozic, as set forth above, has filed multiple appeals in state court following his 2011 convictions. The state court of appeals has remanded his case twice for resentencing, most recently on December 29, 2016.  The trial court resentenced Kozic on May 8, 2017, and Kozic appealed that decision to the state court of appeals on June 7, 2017. Because the resentencing judgment is still

11

proceeding through the state court system, in the appeal of the May 8, 2017, resentencing, Kozic's judgment is not yet final for habeas purposes.[6]

The Sixth Circuit has confirmed that, when a conviction has been affirmed, but there is separate direct review of a new sentence imposed at resentencing, "the new judgment becomes final after direct review of the new sentence." *Rashad*, 675 F.3d at 568 (citing *Burton v. Stewart*, 549 U.S. 147 (2007) (per curiam)). This is because for AEDPA purposes, "final judgment in a criminal case means sentence. The sentence is the judgment." *Rashad*, 675 F.3d at 568 (quoting *Burton*, 549 U.S. at 156). Based on the reasoning in *Burton*, "a habeas petitioner who files his first or sole habeas petition after he is resentenced may properly include all claims from the underlying conviction in that petition, since his criminal case did not end, thereby triggering the statute of limitations clock, until sentencing was completed." *Coats v. Sheldon*, No. 3:11CV1017, 2012 WL 7037778, at *7 (N.D. Ohio Aug. 20, 2012), *adopted by* 2013 WL 474721 (N.D. Ohio Feb. 7, 2013) (discussing *Burton*); *see also Rashad*, 675 F.3d at 568 (limitations period does not begin, where direct review of resentencing not complete); *Johnson v. Warden, Lebanon Corr. Inst.*, No. 1:09CV336, 2010 WL 2889056, at *6 (S.D. Ohio June 23, 2010), *adopted by* 2010 WL 2889057 (S.D. Ohio July 10, 2010) (limitations period does not begin until both conviction and sentence become final ) (quoting *Burton*, 549 U.S. at 156-157).

---

[6] In addition, Kozic's separate appeal following the trial court's denial of his motion for new trial was ruled upon recently by the state court of appeals. Therefore, further state court appellate review of these matters remains a possibility.

In addition, the Sixth Circuit has recently held that when a conviction is affirmed, but the sentence is partially vacated and the petitioner is partially resentenced on remand, that creates a new judgment that allows the petitioner to raise a challenge to his undisturbed conviction, his term of incarceration and his new sentence. *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016). The same holds true even if the new sentence resulted in a judgment that included imposition of a term of post-release control. In this case, as already discussed more fully above, the state trial court resentenced Kozic, with the imposition of post-release control, as directed by the state court of appeals, on May 8, 2017. *State v. Kozic*, No. 2010CR506 (Ohio Ct. Comm.Pl. May 8, 2017) (slip op.) (judgment entry of re-sentencing). Kozic has a pending appeal of that judgment of resentencing. *State v. Kozic*, No. 17MA100 (Ohio Ct. App. June 7, 2017) (notice of appeal). Therefore, the statute of limitations for filing a habeas petition has not begun to run for Kozic's claims, because his resentencing appeal is not complete.

Thus, the statute of limitations period would not expire while Kozic pursues his remedies in state court, because the Sixth Circuit has ruled that the statute of limitations does not begin to run until the "judgment [becomes] final upon the conclusion of direct review of the new sentence [petitioner] received at resentencing." *Rashad*, 675 F.3d at 569. Kozic's sentence, and hence judgment, is not final and pursuant to *Rashad*, *Burton*, and *Stansell*, the statute of limitations is not a present concern that would place petitioner's mixed petition in the limited circumstances justifying a stay.

13

Permitting the case to proceed on a mixed petition, while Kozic's underlying re-sentencing judgment is not final and Kozic's related appeals are proceeding through state court, would result in piecemeal litigation.

## IV. CONCLUSION

For the foregoing reasons, the undersigned recommends that the respondent's motion to dismiss (R. 9) be granted.

s/ David A. Ruiz<br>
David A. Ruiz<br>
United States Magistrate Judge

Date:  September 20, 2017

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).