UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ZOLTAN KOZIC, | ) | CASE NO. 4:17-cv-322 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| WARDEN BRIGHAM SLOAN, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Zoltan Kozic ("Kozic") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") in connection with his 2011 conviction in the Mahoning County Court of Common Pleas for burglary, drug trafficking, and engaging in a pattern of corrupt activity. (Doc. No. 1 ("Pet.").) The petition was referred to the magistrate judge, who established a briefing schedule. (Doc. No. 6.) Respondent Warden Brigham Sloan ("Sloan") moved for an extension of time until May 19, 2017 to answer the petition, which was granted by the magistrate judge. (Doc. Nos. 7, 8.) On May 2, 2017, instead of filing an answer, Sloan moved to dismiss the petition or stay the case on the grounds that Kozic's state court judgment of conviction is not yet final for purposes of habeas review because state court proceedings concerning his sentence are still pending. (Doc. No. 9 ("MTD").) Kozic opposed the motion on the grounds that any delay in reviewing the merits of his petition is prejudicial. (Doc. No. 10 ("Opp'n").)

The magistrate judge issued a report recommending that Sloan's motion to dismiss be granted (Doc. No. 11 ("R&R")), and Kozic filed an objection to the R&R

(Doc. No. 12 ("Obj.")). For the reasons that follow, Kozic's objection is overruled and defendant's motion to dismiss is granted.

**A. Standard of Review**

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court *in light of specific objections* filed by any party.") (emphasis added). *See also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); Local Rule 72.3(b) (an objecting party must file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections").

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). "[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citation omitted). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings ... believed [to be] in error' are too general." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th

2

Cir. 2006) (quoting *Miller*, 50 F.3d at 380), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**B. The Report and Recommendation and Kozic's Objections**

The R&R contains a detailed description of the nine grounds for relief contained in Kozic's § 2254 habeas petition, the factual and procedural background of Kozic's prior and pending criminal state court proceedings, and a finding that Kozic's appeal of his resentencing is currently pending in state court and not yet final (section I). (R&R at 113-18.) Kozic does not object to these portions of the R&R. Nor does Kozic object to the standard of review for habeas corpus petitions set forth by the magistrate judge in section II. (*Id*. at 118-20.)

The R&R addresses the basis for Sloan's motion—that Kozic has not completely exhausted his available state remedies as required for habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")—and Kozic does not object to the conclusion of the magistrate judge that the petition is a mixture of exhausted and unexhausted claims. (*Id*. at 120-21.) The R&R then discusses the four options[1] available under Sixth Circuit law when faced with habeas petitions containing unexhausted claims. (*Id*. at 121.) After analyzing these options, the magistrate judge

---

[1] The four options available to the district court for addressing a petition that contains both exhausted and unexhausted claims are to: (1) dismiss the mixed petition in its entirety, (2) stay the petition until the unexhausted claims are exhausted, (3) permit petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, or (4) ignore the exhaustion requirement and deny the petition if none of the claims has merit. (*See* R&R at 121, citing *Harris v. Lafler*, 553 F.3d 1028, 1031-32 (6th Cir. 2009) and *Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009).)

concludes that mixed petitions are ordinarily dismissed unless the limitations period would expire during the time that a petitioner returned to state court to exhaust his claims and, under those narrow circumstances, a stay of the petition is appropriate. (*Id*. at 122.) After an extensive analysis of Kozic's claims the magistrate judge found that, if Kozic's mixed petition were dismissed, AEDPA's one-year statute of limitations would not expire while he exhausted his available state remedies. (*Id*. at 123-25.) Kozic does not object to the law applied by the magistrate judge with respect to the analysis of mixed petitions or the magistrate judge's analysis of whether the statute of limitations would expire if the petition were dismissed while Kozic exhausted his state remedies.

**1. Respondent is not in default by moving to dismiss in lieu of an answer**

It appears from the objection that Kozic considers Sloan to be in default because, after receiving an extension of time to file an answer, Sloan filed a motion to dismiss instead of an answer. (*See* Obj. at 128.) Because of Sloan's purported default, Kozic asks the Court to enter a "default judgment and rule on the merits of his claims." (*Id*. at 131.)

Kozic makes no specific objection to any particular aspect of the R&R, but generally disputes the correctness of the magistrate judge's recommendation that the petition should be dismissed. Kozic's "objection" is not a proper objection because it merely disputes the correctness of the recommendation, and is overruled on that basis. *Spencer*, 449 F.3d at 725. Even were the Court to consider Kozic's default argument on the merits, the objection would be overruled for the additional reason that it is founded upon an incorrect legal premise.

Rule 4 of the rules governing § 2254 cases specifically provides that if a petition is not immediately dismissed based on the district court's initial review because "it plainly appears" that "petitioner is not entitled to relief in the district court," then "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Rule 5(e) of the rules governing § 2254 cases provides that "[t]he petitioner may submit a reply to respondent's answer or other pleading within a time fixed by the judge."

A motion to dismiss filed in lieu of an answer is a permissible responsive pleading to a § 2254 petition and does not constitute a default. *See Pettus-Brown v. Warden, Corr. Reception Ctr.*, No. 1:14-CV-292, 2015 WL 3562196, at *3 (S.D. Ohio June 5, 2015), *appeal dismissed* (Aug. 10, 2015) (motion to dismiss filed by respondent in lieu of a return of writ is permitted by the rules governing § 2234 cases); *see also Bentley v. Howes*, Civil No. 2:09-CV-10106, 2009 WL 2849527, at *3 (E.D. Mich. Aug. 31, 2009) ("Because the instant petition contains claims that have not been exhausted with the state courts, it was entirely appropriate for the respondent to file a motion to dismiss in *lieu* of filing an answer to the petition for writ of habeas corpus."); *Wardell v. Howes*, No. 08-CV-13772, 2010 WL 3518058, at *1 (E.D. Mich. Sept. 8, 2010) ([T]he Court ordered Respondent to file an answer to the petition by March 11, 2009. In lieu of filing an answer, on February 26, 2009, Respondent filed a motion to dismiss on the basis that Petitioner's claim was unexhausted. . . . [T]he Court granted Respondent's motion.") (internal citations to the record omitted).

Sloan filed a motion to dismiss within the period of time to answer established by the magistrate judge. (*See* Doc. Nos. 8, 9.) Sloan is not in default, and Kozic's "objection" on that basis is overruled.[2]

**2. Kozic has not filed a specific objection to the magistrate judge's recommendation of dismissal**

In his objection, Kozic also states that "[p]etitioner . . . would like to exsercise [sic] option (3) permit [sic] the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims[.]" (Obj. at 129.) But Kozic has not filed a specific objection to the analysis and conclusion of the magistrate judge that, among the four options available to a district court when a § 2254 petition is comprised of exhausted and unexhausted claims, dismissal of the entire petition is the appropriate option in this case. Kozic's single statement that he would prefer to dismiss the unexhausted claims and proceed with the exhausted claims constitutes nothing more than disagreement with the suggested resolution of the magistrate judge. As such, Kozic's statement does not constitute an "objection" within the meaning of the statute, and is overruled. *Aldrich*, 327 F.Supp.2d at 747.

---

[2] For the same reasons the Court concludes that Sloan is not in default, the Court need not consider Kozic's arguments in his objection that Sloan has not established excusable neglect for failing to timely file an answer. (*See* Obj. at 129-30.)

**C. Conclusion**

For all of the foregoing reasons, Kozic's objections are overruled. For the reasons contained herein and in the R&R, defendant's motion to dismiss is granted. This case is dismissed and closed.

**IT IS SO ORDERED**.

Dated: January 3, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**